IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION AND APPLIED BIOSYSTEMS, LLC, | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| FLUIDIGM CORPORATION, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiffs Life Technologies Corporation ("Life Technologies") and Applied Biosystems, LLC ("Applied Biosystems") allege as follows:

## NATURE OF THE ACTION

1.      This is an action arising under the patent laws of the United States (35 U.S.C. §§ 271 *et seq.*) based upon infringement by Defendant Fluidigm Corporation ("Fluidigm") of patents owned by Plaintiffs.  Plaintiffs seek a preliminary injunction, damages for Defendant's infringement, and a permanent injunction restraining Defendant from further infringement.

## THE PARTIES

2.      Plaintiff Life Technologies is a Delaware corporation with a principal place of business at 5791 Van Allen Way, Carlsbad, California 92008.  Plaintiff Applied Biosystems is a wholly-owned subsidiary of Life Technologies.  Life Technologies serves the life science industry and research community by developing and marketing instrument-based systems, consumables, software, and services.  Its customers use these tools to analyze nucleic acids

(DNA and RNA), small molecules, and proteins to make scientific discoveries and develop new pharmaceuticals. Life Technologies' products also serve the needs of some markets outside of life science research, in applied markets, such as the fields of: human identity testing (including forensic and paternity testing); "biosecurity," which refers to products needed in response to the threat of biological terrorism and other malicious, accidental, and natural biological dangers; and quality and safety testing, for example, in the food and drug environment.

3.      On information and belief, Fluidigm is a Delaware corporation with its principal place of business located at 7000 Shoreline Court, Suite 100, South San Francisco, California, 94080.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code.

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because, upon information and belief, Defendant has, among other things, committed infringing acts in this district and does business in this district generally.

## BACKGROUND

7.      United States Patent No. 7,858,365 ("the '365 patent"), entitled "Sample Block Apparatus and Method for Maintaining a Microcard on a Sample Block," was issued by the United States Patent and Trademark Office ("USPTO") on December 28, 2010. A copy of the '365 patent is attached hereto as Exhibit A.

8.      The '365 patent issued in the name of Adrian Fawcett.

YCST01:11144494.1               068713.1007

9.      Applied Biosystems is the assignee of all right, title, and interest in the '365

patent.

10.      U.S. Patent No. 6,143,496 ("the '496 patent"), entitled "Method of Sampling,

Amplifying and Quantifying Segment of Nucleic Acid, Polymerase Chain Reaction Assembly

Having Nanoliter-Sized Sample Chambers, and Method of Filling Assembly," was issued by the

USPTO on November 7, 2000.  A copy of the '496 patent is attached hereto as Exhibit B.

11.      The '496 patent was issued in the names of James F. Brown, Jonathan E. Silver,

and Olga V. Kalinina.

12.      Applied Biosystems is the assignee of all right, title, and interest in the '496

patent.  (*See* Exhibit C).

13.      Defendant's products and services infringe at least one claim of each of the '365

and '496 patents ("the patents-in-suit").

## FIRST CLAIM FOR RELIEF

### (INFRINGEMENT OF THE '365 PATENT)

14.      Plaintiffs incorporate all preceding paragraphs of the Complaint.

15.      Defendant has been and is making, using, selling, and offering to sell instruments,

chips, and kits to perform real-time and digital polymerase chain reactions (PCR), thereby

infringing, both directly and indirectly, one or more claims of the '365 patent.  Defendant's

infringing activities include, without limitation, the making, using, selling, and offering to sell of

instruments, chips, and kits marketed as the BioMark™ HD System.  The BioMark™ HD

System amplifies and detects nucleic acids in a manner which infringes one or more claims of

the '365 patent.

## SECOND CLAIM FOR RELIEF

## (INFRINGEMENT OF THE '496 PATENT)

16.     Plaintiffs incorporate all preceding paragraphs of the Complaint.

17.     Defendant has been and is making, using, selling, and offering to sell instruments, chips, and kits to perform real-time and digital polymerase chain reactions (PCR), thereby infringing, both directly and indirectly, one or more claims of the '496 patent.  Defendant's infringing activities include, without limitation, the making, using, selling, and offering to sell of instruments, chips, and kits marketed as the BioMark™ HD System.  The BioMark™ HD System amplifies and detects nucleic acids in a manner which infringes one or more claims of the '496 patent.

## PRAYER FOR RELIEF

18.     That Defendant be adjudged to have infringed the patents-in-suit;

19.     That Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from infringing in any manner the patents-in-suit;

20.     An accounting for damages by virtue of Defendant's infringement of the patents-in-suit;

21.     An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interests and costs, in accordance with 35 U.S.C. § 284;

22.     That Plaintiffs have such other and further relief as this Court may deem just and proper.

YCST01:11144494.1 068713.1007

DATED:  June 29, 2011.                    YOUNG CONAWAY STARGATT &
                                          TAYLOR, LLP


                                          /s/ *Karen E. Keller*_____
                                          Adam W. Poff (No. 3990)
                                          Karen E. Keller (No. 4489)
                                          The Brandywine Building
                                          1000 West Street, 17th Floor
                                          Wilmington, DE 19801
                                          (302) 571-6600
                                          apoff@ycst.com
                                          kkeller@ycst.com


                                          *Attorney for Plaintiffs*

YCST01:11144494.1                                          068713.1007